IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| ARTURO AARON RUBIO, MARIA T | § | CASE NO: 06-50065 |
| RUBIO | § | |
| | § | |
| Debtor(s) | § | |
| | § | CHAPTER 13 |

**MEMORANDUM OPINION**
**IN SUPPORT OF ORDER DISMISSING BANKRUPTCY CASE**
**FOR FAILURE TO FILE EVIDENCE OF PAYMENT**

The Court held a hearing on September 20, 2006 on the Trustee's Motion to Dismiss based on Debtor's unreasonable delay in filing copies of all payment advices or other evidence of payment. Debtor appeared and acknowledged that he had failed to file the documents into the court record but that he had submitted the documents to the chapter 13 trustee. Debtor contended that this should satisfy the filing requirement because of the trustee's role as an agent of the Court. Finding no authority for the Trustee to receive filings on behalf of the Court, the Court rejects Debtor's argument and grants the Trustee's motion to dismiss by separate order.

BACKGROUND

Debtor filed a petition initiating this bankruptcy case on April 4, 2006. Employee records were not submitted until July 10, 2006, over ninety days from the time of filing Debtor's petition. The Trustee filed a Motion to Dismiss on July 12, 2006 based on Debtor's unreasonable delay in filing copies of all payment advices or other evidence of payment received sixty days prior to the bankruptcy petition.

The Court held a hearing on Trustee's Motion to Dismiss on September 20, 2006. The Trustee moved to dismiss the case under 11 U.S.C. § 521 which provides: .

> 11 USC § 521. Debtor's duties.
> (a) The Debtor shall–
> (1) file ...
> (B) unless the court orders otherwise–
> (iv) copies of all payment advices or other evidence of payment received within 60 days before the date of the filing of the petition ...
> (i) ... [I]f an individual debtor ... fails to file all of the information required under subsection (a)(1) within 45 days after the date of the filing of the petition, the case shall be automatically dismissed effective on the 46th day after the date of the filing of the petition.

When asked to explain the delay in filing, Debtor stated that he had submitted the payment advices to the former trustee of this case.  Debtor did not file the payment advices with the Court.  Trustee could not confirm or deny whether the predecessor trustee had received the payment advices.  Debtor asked the Court to accept the filing of the payment advices with the former trustee as an agent of the Court.  Debtor represented to the Court that case law in the Southern District of Texas recognizes the Trustee as an agent of the Court and thus, Debtor argued, Debtor's submission to the predecessor trustee satisfies the filing requirement.

ANALYSIS

Debtor has not provided any support for the position that the Trustee may receive filings as an agent of the Court.  The Court has conducted its own research and cannot find any authority permitting the filing of pay advices with the Trustee.  A few cases from other circuits refer to the trustee as an officer of the court.  These are largely in interpretation of the Bankruptcy Act of 1898.  However, where more recent cases discuss the "officer" role of the trustee it is usually limited to disbursement of the estate or to acting under court order.  *See, In re Beck Industries, Inc.*, 725 F.2d 880 (2d Cir. 1984); *Tennsco Corp. v. Estey Metal Products, Inc.*, 200 B.R. 542 (D. N.J. 1996). The cases are more concerned with the accountability of the trustee to the court, rather than the trustee acting as an entity that can fulfill the regular duties of the court.  *See, Matter of Happy Time Fashions, Inc.*, 7 B.R. 665 (Bankr. N.Y. 1980); *In re Doherty*, 229 B.R. 461 (Bankr. E.D. Wash. 1999).

The cases submitted by Debtor are not much different in that the context of the trustee's role as an officer of the court has to do with the fiduciary duties owed to the court.  "When persons such as trustees perform duties in the administration of bankrupt estates, they act as officers of the court, not as private persons.  As such, trustees are held to high fiduciary standards of conduct."  *In re Topco, Inc.,* 894 F. 2d 727, 739 n. 16 (5th Cir. 1990) (citing *In re Evangeline Refinancing Co.*, 890 F.2d 1312 (5th Cir. 1989)).  The trustee in *Topco* was defendant to a lawsuit for misrepresentation and fraud in contract.  The *Topco* trustee's official duties in the administration of the estate arose from authority under order of the court and trustee's power to sell, lease, or use property of the estate in the ordinary course of business.  *Id*. n. 17 (citing 11 U.S.C. § 363).  *Topco* does not use trustee's status as an officer to expand the trustee's duties.  Trustee's official capacity is discussed in the context of the duties owed to the court and the estate as a result of the officer capacity.  The case does not discuss the trustee's acting in place of the court or on its behalf, nor does it suggest that the Court may expand the authority of a trustee because the trustee is considered an officer of the court.[1]

Debtor also cites *In re Coastal Plains, Inc.*, 326 BR 102 (Bankr. N.D. Tex. 2005).  The trustee in *Coastal Plains* was defendant to a lawsuit for intentional and negligent breach of

---

[1] Likewise, *Evangeline*, dealt with a trustee's fraud on the court and estate in executing false fee applications.  The case did not expand the duties of the trustee, but merely recognized that the trustee owes a duty to court and estate to act in good faith under both the Bankruptcy Code and the Rules of Conduct.

fiduciary duty in administering the bankruptcy estate.  *Coastal Plains* held that permission for such a suit must be obtained from the appointing court because of the court's interest in protecting the trustee from unjustified personal liability for acts taken within the scope of his official duties.  Once again, the role of trustee as an officer of the Court is in the context of the trustee's duties to the court and the estate.  This doctrine has not been interpreted to allow the Court to expand the duties of the trustee.  Accordingly, the Court finds no basis to extend the authority of the Trustee to include receiving Debtor's filings on behalf of the Court.[2]

The Code is quite clear about the requirements of the debtor.  "The debtor shall file copies of all payment advices or other evidence of payment received within 60 days before the date of the filing of the petition, by the debtor from any employer of the debtor."  11 U.S.C. § 521(a).  This must be filed within 45 days of the filing of the petition.  11 U.S.C. § 521(i).  The docket shows that Debtor did not file the income records until July 10, 2006, over 90 days from the time the petition was filed.

Filing must be done with the clerk's office.  Federal Rule of Bankruptcy 5003 makes the clerk responsible for the docket and recording each judgment, order, and activity affecting the case.  FRBP 5003.  The rules are explicit in how to file.  "The lists, schedules, statements, proofs of claim or interest, complaints, motions, applications, objections and other papers required to be filed by these rules... shall be filed with the clerk."  FBRP 5005.  The only discretion given to judges in this matter is to permit filing with the judge, but even then, papers must be forwarded to the clerk.  "The judge of that court may permit the papers to be filed with the judge... and they shall be forthwith transmitted to the clerk."  *Id*.  There is nothing in the Code or rules that allows for the designation of another agent to receive parties' filings.

Although the Bankruptcy Code provides that the Court may order that payment advices not be filed, the Court did not do so in this case.  The Bankruptcy Code provides that if the advices must be filed, and they are not, then the case is automatically dismissed.  Thus, by operation of law, this case was dismissed on May 20, 2006.  The order issued concurrently with this memorandum merely reflects what has already occurred by operation of law.

CONCLUSION

Bankruptcy Code § 521 requires that the pay advices be filed within 45 days of the filing of the petition.  The Court can find no authority for the Trustee to accept filing on behalf of the Court, and this Court will not extend authority beyond what is allowed under the Bankruptcy Code. The Court lacks the discretion under the Code to do what Debtor proposes, and therefore must grant the Trustee's Motion to Dismiss.

---

[2]The Court recognizes that 11 U.S.C. § 501 allows the trustee to file a proof of claim, a power generally reserved for creditors, if a creditor fails to timely file one.  The distinction here is that § 501 explicitly grants the trustee that power.  Furthermore, the trustee is still required to file that claim with the Court via the Clerk's office as discussed below.

The Court will issue a separate written order this date.

SIGNED

September 25, 2006

*Wesley W. Steen*
_____
WESLEY W. STEEN
UNITED STATES BANKRUPTCY JUDGE